THE CONSOLIDATED TRACTION COMPANY, PLAINTIFF IN ERROR, v. JOHN KNOTH, DEFENDANT IN ERROR.

On error to the Essex Circuit Court.

The defendant in error was the driver of a beer wagon. On the afternoon of the 26th of April, 1895, he drove his team and wagon slowly down Springfield avenue, in Newark, on the left or northerly side of that street.    When he was in proximity to Arlington street he crossed the defendant's tracks to the south or right side of Springfield avenue, and when his wagon was nearly over the southerly track it was struck by a trolley car, and he was thrown from his seat to the ground and sustained serious injury.    The testimony was conflicting. That which was offered for the defendant in error (plaintiff below) went to show that just before Knoth crossed the trolley tracks he looked back and saw the car following him at a distance of from two hundred to four hundred feet, and, deeming that he had ample opportunity to safely cross, he proceeded to do so and would have succeeded but for the great

and unexpected rapidity with which the car followed him, while, on behalf of the plaintiff in error, testimony was offered to show that Knoth, without first looking back to see if he might safely do so, suddenly turned to cross the tracks when the car was only thirty-five or forty feet away, and could not be stopped in time to avoid a collision. The insistence on the part of Knoth was that he crossed when the car was sufficiently distant to be fully controlled, as he thought it would be, by the motorman, but that it was not kept within control, but was run with reckless rapidity, without regard to its governance as the uses of the highway in that locality at that time demanded. The other side urged that Knoth's crossing was an act of negligence upon his part, which not only contributed to the accident but rendered it unavoidable by the motorman. The only error assigned was upon the refusal of the judge to nonsuit.

For the plaintiff in error, *Joseph Coult.*

For the defendant in error, *Samuel Kalisch.*

PER CURIAM.

It is clear that the case was one for decision by the jury. No question is raised as to the correctness of the exposition of the law by the judge in his submission of the case to that body.

Let the judgment be affirmed.

*For affirmance*—THE CHANCELLOR, DIXON, GARRISON, GUMMERE, MAGIE, VAN SYCKEL, BARKALOW, BOGERT, DAYON, HENDRICKSON, NIXON. 11.

*For reversal*—None.